STATE OF MAINE

*vs.*

RAYDON COREY

Aroostook.    Opinion, July 17, 1950.

*James P. Archibald, County Attorney,* for State.

*Donald N. Sweeney,* for respondent.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

THAXTER, J.    The respondent was tried in the Superior Court for the County of Aroostook on a complaint charging that he was guilty of operating a motor vehicle while under the influence of intoxicating liquor.    After a verdict of guilty the case is before us on exceptions.    We shall consider but one of these.

The respondent had a blood test taken shortly after the accident by Dr. Gerald H. Donahue for the purpose of showing the percentage of alcohol by weight in his blood. R. S., 1944, Chap. 19, Sec. 121, provides that if there was at that time 7/100 percent or less by weight of alcohol in his blood it was prima facie evidence that he was not under the influence of intoxicating liquor; that if there was from 7/100 to 15/100 percent of alcohol by weight such fact was relevant but raised no presumption either way; and that if there was 15/100 percent or more, the evidence was prima facie that the respondent was under the influence of intoxicating liquor within the meaning of the statute. Then follows a provision to the following effect: "The failure of a person accused of this offense to have tests made to determine the weight of alcohol in his blood shall not be admissible in evidence against him . . . . . ."

The respondent at the opening of the trial on September 17th filed a motion for a continuance with an affidavit which stated that effort had been made by a deputy sheriff to serve a subpoena on Dr. Donahue on September 16th for his attendance at court on September 17th, but that Dr. Donahue was absent from Presque Isle until September 18th and could not be located elsewhere; that Dr. Donahue would testify that at the time he took the sample of blood with which to make the test the respondent gave no outward appearance of being under the influence of intoxicating liquor. The judge overruled the motion for a continuance on the ground that due diligence had not been used to serve the subpoena and the respondent excepted to such ruling. The motion had nothing to do with the blood test which was not put in evidence during the trial. Rule XV of the Rules of Court sets forth the necessary conditions for the filing of a motion for a continuance on the basis of a want of material testimony, and the trial court is given a wide discretion to "judge whether due diligence has been used" in fulfilling them. Without deciding whether the court in this instance abused its discretion by denying the motion, the request for

a continuance has an added significance in view of a colloquy which took place between the court and both counsel during the argument to the jury by the county attorney. He commented to the jury on the effect of the statute relating to blood tests and then apparently inferred that the failure of the respondent to put the test in evidence could be used against him. This comment was objected to in the absence of testimony as to what the test showed. The court said: "There is evidence there was a blood test taken, and what a blood test means, under the law, is arguable, I suppose." In spite of some ambiguity in further comments by the court the jury could not but have been left with the impression that the failure of the respondent to show what the test indicated raised a presumption that it was adverse to him. For what other possible purpose did the county attorney comment on the statute? Exceptions were taken to the permission given by the court to pursue this line of argument.

These comments after a refusal by the court to grant the motion for a continuance to enable the respondent to produce the doctor as a witness were highly prejudicial. It was a case of denying the respondent the opportunity to have the doctor's testimony and then using the failure to have it against him. See 53 Am. Jur. Trial: 476.

*Exceptions sustained*

*New trial granted.*